OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | No. 89-891 |
| of | : | |
| | : | APRIL 24, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

---

PEDRO PALLAN has made an application for leave to sue THE COMPTON UNIFIED SCHOOL DISTRICT, TED D. KIMBROUGH and LARRY SMITH in the name of the People of the State of California pursuant to Section 803 of the Code of Civil Procedure often referred to as quo warranto. The application recites that Mr. Pallan was appointed as a member of the Personnel Commission of the Compton Unified School District in December, 1984, by the Board of Trustees of that district. He was reappointed to the same position by the same board in December, 1987 for a new three-year term to expire at the end of November, 1990. In April, 1989 the Board of Trustees concluded that Mr. Pallan was no longer a resident of the district and that under Government Code section 1770(e) the office he had held on the Personnel Commission was vacant. Mr. Pallan objected, claiming that his residence had never moved from the district. On July 11, 1989 the Board of Trustees appointed Larry Smith to fill the vacancy over Mr. Pallan's objections and Mr. Smith has acted as the member of the Personnel Commission in Mr. Pallan's stead since that time.

Pedro Pallan also filed a civil action in the Superior Court for the County of Los Angeles entitled *Pallan* v. *Compton Unified School District et al*, Case No. C 730286. In that action Mr. Pallan seeks a judgment declaring the appointment of Mr. Smith to the Personnel Commission to be void because there was no vacancy to fill and that Mr. Pallan be restored to the office. That action is still pending in the Los Angeles County Superior Court.

The Attorney General has discretion to deny leave to sue pursuant to section 803 of the Code of Civil Procedure when he determines that such action would not be in the public interest. (*City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 650; 67 Ops.Cal.Atty.Gen. 151, 153.) It would not serve the public interest to authorize the filing of a quo warranto action pursuant to section 803 of the Code of Civil Procedure when the same issues to be determined in such action are pending before a California court in another action.

The application of Pedro Pallan for leave to sue is denied without prejudice to its reinstatement if and when the action now pending in the Los Angeles County Superior Court in Case No. C 730286, which raises the same issues as would be raised in the action for which leave to sue is sought, terminates without resolving those issues.

1                                                                89-891

* * * * *

* * * * *